IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANMOLPREET S., | Civil No. 1:26-cv-04826-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| TONYA ANDREWS, ADMINISTRATOR OF THE GOLDEN STATE ANNEX, *et al.*, | A# 246-244-663 |
| Respondents. | |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Anmolpreet S.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, and a motion for a temporary

restraining order.  Dkt. Nos. 1, 2.

He entered the United States without inspection on December 17, 2022.  Dkt. No.

1, at pg. 5.  Shortly after entry, the Department of Homeland Security initiated removal

proceedings.  But the government did not seek to detain Petitioner while the

proceedings were underway; instead, he was released on his own recognizance.  The

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

authorities' judgment that Petitioner's release was proper (that is, that he was neither a flight risk nor a danger to the community) proved well-founded.  In the three years since his release, Petitioner has maintained stable residence, possesses a valid employment authorization, and has no criminal history.  And he has attempted to comply with all reporting requirements ICE placed upon him.  Indeed, Petitioner was attempting to continue his compliance with release conditions when, on June 20, 2026, ICE contacted Petitioner and asked him to report on the next day under the representation that he needed to complete paperwork and that "officers intended to remove him from the Alternatives to Detention program." *Id.* at pgs. 12-13.  Upon reporting on Sunday, June 21, Petitioner was immediately detained.  He was given no notice or process before his arrest, and he was not charged with any offense.  *Id.*

Petitioner now invokes this court's habeas jurisdiction.  In Counts One and Two of his petition, he contends that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights.  *Id.* at pgs. 14-19.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*, *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Abdoulaye D. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03015-MWJS,  2026 WL 1103597 (E.D. Cal. Apr. 23, 2026); *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11,

2

2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see also Robles-Rodriguez v. Lyons*, No. 1:25-cv-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 4. The court appreciates Respondents' timely and candid opposition. Dkt. No. 6. Respondents make no legal distinction between this and prior orders this case has found persuasive, except to contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. No. 6. They seek to distinguish this case based on Petitioner's alleged violations of his ICE reporting requirements between February 2023 and June 2025. *Id*. But such a contention is insufficient to conclude that pre-deprivation process was not feasible here.

Given the lack of any meaningful factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Anmolpreet S. (A# 246-244-663) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

///

///

///

///

///

///

Given the foregoing, Petitioner's motion for a temporary restraining order, Dkt. No. 2, is DENIED AS MOOT.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 26, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

—————————————————
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-04826-MWJS; *Anmolpreet S. v. Andrews*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS